## NOLTY VS. THE STATE.

A warrant by a justice of the peace, under sec. 134, chap. 120, R. S., in an action to recover the possession of personal property, described the property to be seized as "one piece of square timber about thirty long and twelve inches square, of pine, of the value of" &c.  *Held*, that the defect in the description of the *length* of the timber (being a clerical mistake) might have been corrected by amendment, and did not render the process utterly void.

Although the officer might perhaps have refused to execute the writ, yet, after he had in fact seized the right property under it, a party indicted and convicted for resisting such seizure could not reverse the conviction on the ground of such defect in the writ.

ERROR to the Municipal Court of the City and County of *Milwaukee.*

*E. Fox Cook*, for plaintiff in error.

*The Attorney General*, for the state.

*By the Court*, DIXON, C. J.   The plaintiff in error having been indicted and convicted for resisting an officer in the execution of civil process, sues out this writ of error and claims to reverse the conviction on the ground that the alleged process was void.   No bill of exceptions having been settled, the case comes up upon the record as it stands without such bill, and the question is presented upon the sufficiency of the process as it is described in the indictment.   The process was a warrant for the recovery of the possession of personal property, issued by a justice of the peace of the county of Milwaukee in conformity to the requirements of section 134 of chapter 120 of the Revised Statutes; except that it is urged that the property to be seized was so defectively described as not to authorize the seizure, and that the warrant was for that reason a nullity.   The property was described as "one piece of square timber, about thirty long and twelve inches square, the wood being of pine, of the value of six dollars" &c.   The objection is, that the length of the piece of timber was not given; that the officer was not informed whether it was thirty feet or thirty inches.   It is obvious from the nature of the property described, as well as from the context, that the word

" feet " was omitted by clerical mistake.   If so, the defect might have been cured by amendment.   But if it was not that but some other word which the magistrate intended to insert, the same power of amendment existed.   In either case there was no such total defect in description as rendered the process utterly void.   The officer might possibly have refused to execute it (13 Wend., 496) ; but having executed it by the seizure of the right property, there would have been no want of jurisdiction, and the action could not on that account have been dismissed.

Conviction affirmed.